**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **LORETTA GRATTA,** *individually,* ) | |
| *and on behalf of others similarly situated,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **CHEN'S INC. d/b/a SUSHI AI,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **JIAN LI CHEN, and** ) | |
| ) | |
| **RONG HUANG,** ) | |
| ) | |
| **Defendants.** ) | |

**COMPLAINT**

COMES NOW Plaintiff Loretta Gratta, individually and on behalf of all others similarly situated, and for her Complaint against Defendants Chen's Inc. d/b/a Sushi Ai ("Sushi Ai"), Jian Li Chen, Rong Huang a/k/a "Ivy" (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

**Nature of Case**

1.      Defendants own and operate multiple restaurant locations in the St. Louis metropolitan area referred to as Sushi Ai.  Defendants employ servers and other tipped employees at their restaurant locations.  During the relevant time periods preceding this action, Defendants required their servers and other tipped employees to participate in an unlawful tip pooling/sharing arrangement whereby the tipped employees had to share their tips with food preparers (sushi chefs) who do not customarily and regularly receive tips and who do not have sufficient customer interaction to be lawful participants in a tip pooling/sharing arrangement.  Also, Defendants have (or had) a policy whereby tipped employees, such as servers, were fined—in the form of having to pay a set monetary fine out of their earned tips—for certain (actual or perceived) infractions of

company policy.  This action seeks to recover unpaid wages to compensate Defendants' current and former tipped employees for this unlawful tip misappropriation.  Defendants also retaliated against Plaintiff Gratta for complaining about these FLSA wage and hour violations by subjecting her to negative treatment and by terminating her employment.

2.      The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Missouri Minimum Wage Law, R.S.Mo. § 290.500 *et seq.* (hereinafter "MMWL") govern the payment of wages to employees such as Plaintiff Gratta and those similarly situated.  If each of these statutes is observed strictly, restaurants and bars are allowed to pay tipped employees, such as servers, less than the full minimum wage by claiming tips as a credit against the minimum wage. At all times relevant to this action, Defendants violated the FLSA and MMWL by taking the "tip credit" while also misusing employee tips.  Accordingly, Plaintiff Gratta and other similarly situated employees of Defendants were paid less than minimum wage in violation of the FLSA and MMWL.

## Jurisdiction and Venue

3.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiff Gratta and other similarly situated employees is based on 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

4.      Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL.  Jurisdiction over the state law claims of Plaintiff Gratta and other similarly situated employees is based on 28 U.S.C. §§ 1332 and/or 1367 and R.S. Mo. § 290.500 *et seq*.

5.      Venue in this district is proper under 28 U.S.C. § 1391 because Defendants do business in this district and employ individuals to work in this district, and because substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

6.    Plaintiff Loretta Gratta resides in Alton, Illinois, and she previously worked for Sushi Ai from March 2016 to March 6, 2018.  While employed by Defendants, Plaintiff Gratta worked as a server.  Plaintiff Gratta's consent to join this action is attached hereto as "Exhibit 1."

7.    Plaintiff Gratta brings Count I of this lawsuit as a collective action under the FLSA on behalf of herself and all other similarly situated tipped employees employed by Defendants in the last three (3) years.

8.    Plaintiff Gratta brings Count II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of herself and all other similarly situated tipped employees employed by Defendants in Missouri within the last two (2) years.

9.    Plaintiff Gratta brings Count III of this lawsuit as an individual claim for Defendants' violation of the anti-retaliation provision of FLSA because Defendants unlawfully discriminated against Plaintiff Gratta and terminated her employment as a result of her engaging in activity that is legally protected by the FLSA.

10.    Defendant Chen's Inc. is a Missouri corporation limited liability company with its principal place of business located at 4 North Central Avenue, St. Louis, Missouri 63105.  Said Defendant does business as "Sushi Ai" and owns/operates multiple restaurant locations under the name "Sushi Ai."

11.    Defendant Jian Li Chen is an "employer" of Plaintiff Gratta and those similarly situated, within the FLSA's and MMWL's broad definition, as he is an owner, manager, member, and/or officer of Chen's Inc. d/b/a Sushi Ai who manages and directs the business of Chen's Inc. and maintains operational control of such entity's day-to-day functions, maintains control over such entity's pay practices, gives specific direction and instruction to employees with respect to issues involving wages and hours, and possesses and/or exercises authority to hire and fire

employees.  Accordingly, Defendant Jian Li Chen is legally culpable and responsible, in his personal and individual capacity, for the FLSA and MMWL violations alleged herein.

12.    Defendant Rong Huang (a/k/a "Ivy") is an "employer" of Plaintiff Gratta and those similarly situated, within the FLSA's and MMWL's broad definition, as she is an owner, manager, member, and/or officer of Chen's Inc. d/b/a Sushi Ai who manages and directs the business of Chen's Inc. and maintains operational control of such entity's day-to-day functions, maintains control over such entity's pay practices, gives specific direction and instruction to employees with respect to issues involving wages and hours, and possesses and/or exercises authority to hire and fire employees.  Accordingly, Defendant Rong Huang is legally culpable and responsible, in her personal and individual capacity, for the FLSA and MMWL violations alleged herein.

## General Allegations

13.    The FLSA and MMWL govern the wages of thousands of employees, including the servers and other employees employed by Defendants.  These statutes establish the minimum wage that is required to be paid to employees.

14.    Rather than pay the full hourly minimum wage to employees such as tipped employees, restaurants historically have sought to offset the minimum wage with tips and gratuities left by restaurant patrons.

15.    In a compromise between the interests of restaurant management and those of employees, legislators developed the concept of the "tip credit."  As the name implies, the tip credit allows restaurants to take a credit against the minimum wage for employee tips.  Therefore, under state and federal law, restaurant management is entitled to pay a sub-minimum wage to servers and other tipped employees.  This lower hourly rate is known in the industry as the "server minimum wage."

16.     Before taking the tip credit, however, restaurants must adhere to certain strict pre-conditions.  In addition to adequately informing employees about the tip credit, restaurants must allow employees to keep all of their tips.

17.     The sole exception to this restriction is what is known as a "tip pool."  Again, as implied by the name, in a tip pool, those employees who actually receive tips directly from restaurant customers pool (or share) their tips with other restaurant employees who directly interact with and assist in servicing the customer.

18.     State and federal law allows restaurants to mandate that tipped employees participate in a tip pool whereby tips are distributed according to some reasonable formula among certain employees in the service chain.  A valid tip pooling arrangement does not interfere with an employer's entitlement to a claim a tip credit against the minimum wage.

19.     There is, however, a critical restriction on tip pooling—for a tip pool to be valid, only those employees who "customarily and regularly" receive tips may partake in the pool.  These "customarily and regularly" tipped employees include only employees who customarily and regularly receives more than $30 a month in tips, and who have substantial amount of direct interaction with the restaurant patrons.  In other words, employees such as chefs, cooks, dishwashers, and food preparers cannot participate in the tip pool and must be paid the full minimum hourly wage.  Similarly, under no circumstances may restaurant owners and management participate in the tip pool.

20.     In the present case, Defendants required its tipped employees, such as servers, to share a certain mandatory portion of their tips with food preparers (sushi chefs).

21.     Defendants' sushi chefs' primary duty is to engage in food preparation tasks. Patrons of Sushi Ai do not place orders directly with the sushi chefs, but rather with the restaurant servers.

22.     Defendant's sushi chefs have little to no interaction with restaurant patrons; in fact, most of Defendants' sushi chefs do not speak English and, therefore, are unable to communicate effectively with restaurant patrons.

23.     At Sushi Ai, food and beverages are delivered to patrons by servers, and not by sushi chefs.

24.     When patrons of Sushi Ai pay for their food/beverages, they provide payment directly to the server, and sushi chefs are not involved in handling any transactions for payment by restaurant patrons.

25.     Upon information and belief, Defendants' sushi chefs do not customarily and regularly receive more than $30 per month in tips directly from restaurant patrons.

26.     Overall, any direct contact between Defendants' sushi chefs and restaurant patrons is minimal.

27.     Further, Defendants' have (or had) a policy whereby tipped employees, such as servers, were fined—in the form of having to pay a set monetary fine out of their earned tips—for certain infractions of company policy.  These "fines" were levied against tipped employees: (a) who were late to work; (b) who did not earn a certain mandatory amount or percentage of tips from each shift that they worked; (c) who broke dishes; (d) who waited on customers who returned food for alleged server errors in taking orders; and/or (e) who engaged in other (actual or perceived) violations of company policy.  As a result of these "fines" being levied against tipped employees out of their earned tips, Defendants do not allow tipped employees to keep all of their tips, as required by the FLSA and MMWL.  The "fines" constitute an impermissible taking of employee tips by restaurant ownership/management, and also caused employees to be paid less than the required minimum wage, as mandated by federal and state law.

28.    Plaintiff Gratta and similarly situated employees worked at Sushi Ai and participated in an employer-mandated tip-sharing arrangement.  In violation of state and federal law, however, Defendants have distributed a portion of the tip pool to employees who are not "customarily and regularly" tipped, such as food preparers (sushi chefs).

29.    The misuse of tips and participation of non-tipped employees invalidates Defendants' tip sharing arrangement and nullifies Defendants' entitlement to claim a tip credit against the minimum wage.  Defendants are liable for, among other things, paying a sub-minimum wage to current and former employees and for all tips diverted improperly.

30.    The deliberate failure of Defendants to pay their employees their earned wages violates the FLSA and the MMWL.

31.    The net effect of Defendants' unlawful tip-sharing policies and practices, instituted and approved by Defendants' managers, is that Defendants willfully failed to pay Plaintiff Gratta and other similarly situated employees minimum wage as required by federal and state law. Defendants thus enjoyed ill-gained profits at the expense of its employees.

## Collective/Class Allegations

32.    Plaintiff Gratta brings this case as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

33.    Plaintiff Gratta, individually and on behalf of other similarly situated tipped employees employed by Defendants within the last three years, seeks relief on a collective basis, challenging Defendants' practice of unlawful tip pooling and failing to pay at least minimum wage for all hours worked in each work week.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may be notified easily and quickly of the pendency of this action.

34.     Plaintiff Gratta seeks certification of an FLSA collective action pursuant to 29 U.S.C. § 216(b) because Plaintiff Gratta's claims are similar to those of other Class Members. Plaintiff Gratta and Class Members are similarly situated because they are subject to Defendants' common practice, policy, or plan regarding employee wages and hours.

35.     Plaintiff Gratta brings Count II as a class action pursuant to Fed.R.Civ.P.23, on behalf of herself and as the Class Representative of the following persons (the "Class"):

> All current and former employees, employed by Defendants in Missouri within two (2) years preceding the date of filing this action, for which Defendants took the tip credit.

36.     The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated tipped employees who do not opt-out of the class.

37.     Plaintiff Gratta's state law claim satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

38.     The class satisfies the numerosity standards.  The Class consists of at least dozens of persons who are believed to be geographically dispersed.  As a result, joinder of all Class members in a single action is impracticable.  Class members may be informed of the pendency of this class action through direct mail and/or other methods.

39.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

> (i)     Whether Defendants required their tipped employees to share tips with persons who are not customarily and regularly tipped, such food preparers (sushi chefs);
>
> (ii)    Whether Defendants deducted money from tipped employees' earned tips for "fines";

(iii)     Whether Defendants' tip pooling practice/policy violates the MMWL; and

(iv)     Whether Defendants failed to pay Class members at least minimum wage for all hours worked in each work week, as required under R.S. Mo. § 290.500 *et seq*.

40.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claim.

41.     Plaintiff Gratta's claim is typical of those of the Class in that Class members have been subject to the same unlawful practices as Plaintiff Gratta.

42.     A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members creates a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for Defendants, and/or substantially impairing or impeding the ability of Class members to protect their interests.

43.     Plaintiff Gratta is an adequate representative of the Class because she is a member of the Class, and her interests do not conflict with the interests of the members of the Class she seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff Gratta and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

44.     Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate

actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## Count 1:  Violation of the Fair Labor Standards Act of 1938

45.     Plaintiff Gratta reasserts and re-alleges the allegations set forth above.

46.     At all times material herein, Plaintiff Gratta and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

47.     The FLSA regulates, among other things, the payment of minimum wage to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

48.     At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of the FLSA.  Defendant Chen's Inc. is an enterprise engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA.  On information and belief, Defendant Chen's Inc. has at all relevant times had gross volume of sales of at least $500,000 annually.  At all relevant times, Defendants have employed, and/or continue to employ, "employees" including Plaintiff Gratta and Class Members.

49.     While employed by Defendants, Plaintiff Gratta and other similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

50.     Plaintiff Gratta and all similarly situated employees are victims of a uniform compensation policy that requires tips to be shared with employees who do not customarily and

regularly receive tips, such as food preparers (sushi chefs). Likewise, as described more fully above, Defendants have (or had) a practice of taking monetary amounts ("fines") out of employees' earned tips, thus preventing employees from keeping all of their earned tips as required by law. In addition, Defendants failed to provide Plaintiff Gratta and similarly situated employees with the proper notice of the tip credit, as required by 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b).

51.     As a result of the foregoing conduct, as alleged, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully, and with reckless disregard of applicable law. One or more of Defendants' employees have complained to Defendants' management about not being paid properly under the FLSA. Specifically, Plaintiff Gratta complained to Defendants' management about the wage violations referenced herein. Despite being put on notice of their unlawful conduct, Defendants have failed and refused to remedy their violations of law by compensating their employees properly. In fact, Defendants discriminated against Plaintiff Gratta by subjecting her to negative treatment and terminated her employment as a result of her engaging in activity that was legally protected by the FLSA.

52.     As a result, Plaintiff Gratta and the Class Members have been damaged in an amount to be determined at trial.

53.     Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Gratta and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of wages permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime compensation, Plaintiff Gratta and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

54.    As a result of the aforesaid willful violations of the FLSA, wages have been withheld unlawfully by Defendants from Plaintiff Gratta and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff Gratta and all similarly situated employees demand judgment against Defendants and pray for:  (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) declaratory and/or injunctive relief as permitted by law or equity; and (6) such other relief as the Court deems fair and equitable.

## Count II:  Violation of the MMWL

55.    Plaintiff Gratta reasserts and re-alleges the allegations set forth above.

56.    At all relevant times herein, Plaintiff Gratta and the Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S. Mo. § 290.500 *et seq.*

57.    The MMWL regulates, among other things, the payment of minimum wage by employers.

58.    During all times relevant to this action, Defendants were the "employer" of Plaintiff Gratta and the Class within the meaning of the MMWL.

59.    During all times relevant to this action, Plaintiff Gratta and the Class were Defendants' "employees" within the meaning of the MMWL.

60.    Pursuant to the MMWL, employees are entitled to be paid at least minimum wage for all hours worked in each work week.

61.     Defendants, pursuant to their policy and practice, violated the MMWL by refusing and failing to pay Plaintiff Gratta and other similarly situated employees minimum wage as required under the MMWL.

62.     Plaintiff Gratta and the Class are victims of a uniform and employer-based compensation policy.  This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Class members.

63.     As a result, Plaintiff Gratta and the Class Members have been damaged in an amount to be determined at trial.

64.     In addition to unpaid wages for a period of two (2) years preceding the filing of this Complaint, plus periods of equitable tolling, Plaintiff Gratta and Class Members also are entitled to liquidated damages.

65.     Plaintiff Gratta and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

66.     Defendants are liable pursuant to R.S. Mo § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff Gratta and all similarly situated employees demand judgment against Defendants and pray for:  (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; (5) declaratory and/or injunctive relief as permitted by law or equity; and (6) such other relief as the Court deems fair and equitable.

## Count III:  Retaliation in Violation of the FLSA

67.     Plaintiff Gratta reasserts and re-alleges the allegations set forth above.

68.    Plaintiff Gratta has engaged in activity protected by the FLSA, in that she complained to Defendants' management about Defendants' unlawful tip practices.

69.    Defendants discriminated against and terminated Plaintiff Gratta because of her protected activity, and accordingly, have engaged in unlawful retaliation prohibited by the FLSA.

70.    As a direct and proximate result of Defendants' unlawful retaliation against Plaintiff Gratta, Plaintiff Gratta has sustained damages.

71.    Defendants' actions were intentional, willful, knowing, wanton, and malicious, and in flagrant and/or reckless disregard for the rights of Plaintiff Gratta, and entitle Plaintiff Gratta to an award of punitive damages.

WHEREFORE, on Count III of this Complaint, Plaintiff Gratta demands judgment against Defendants and prays for: (1) a finding that Defendants unlawfully retaliated against Plaintiff Gratta for protected activity under the FLSA; (2) an award of actual damages in an amount to be proven at trial, including but not limited to back pay, front pay, and emotional distress damages; (3) liquidated damages; (4) punitive damages, to punish and deter Defendants and others from like conduct; (5) attorneys' fees, costs, pre-judgment interest, and post-judgment interest; (6) reinstatement; (7) declaratory and/or injunctive relief as permitted by law or equity; and (8) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**RIGGAN LAW FIRM LLC**

_____/s/  Russell C. Riggan_____
Russell C. Riggan  #53060 MO
Samuel W. Moore  #58526 MO
132 W. Washington Ave., Ste. 100
Kirkwood MO  63122
314-835-9100
314-735-1054 fax
russ@rigganlawfirm.com
smoore@rigganlawfirm.com

*Attorneys for Plaintiff Loretta Gratta*
*And all others similarly situated*